68 F.3d 476
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven D. SHELTON, Defendant-Appellant.
 No. 94-6421.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1995.
 
 Before: MILBURN and NELSON, Circuit Judges, and MORTON, District Judge.[1]
 PER CURIAM.
 
 
 1
 This is an appeal from a conviction for manufacturing marijuana. The defendant contends that several evidentiary rulings of the district court were erroneous and that the court improperly refused to grant a mistrial. We do not find these contentions persuasive, and we shall affirm the conviction.
 
 
 2
 United States Forest Service agents in Cherokee National Forest, Tennessee, discovered a marijuana patch consisting of approximately 150 healthy plants. The agents placed surveillance cameras in the patch. Defendant Steven Shelton and another individual were photographed by the cameras. The photographs of Mr. Shelton showed him carrying bundles of plants and apparently putting the buds and flowers of the plants in a large black garbage bag.
 
 
 3
 The officers obtained and executed a search warrant for Mr. Shelton's residence. Marijuana residue was found in a lingerie drawer belonging to Mr. Shelton's live-in companion, in a paper bag taken from a closet, in the pocket of a camouflage fatigue shirt found in the dirty clothes, in Mr. Shelton's pickup truck, and in a large black garbage bag in a dog kennel.
 
 
 4
 At trial, Mr. Shelton asserted that he had inadvertently stumbled on the marijuana patch while ginseng hunting and leaving food for bear. He testified that he pulled out between six and twelve marijuana plants for his own personal use, but later became afraid of being detected by those cultivating the patch; he therefore stuffed the material into a hollow log a short distance away.
 
 
 5
 Mr. Shelton contends that the trial court erred in refusing to allow him to introduce evidence that he and others had inadvertently stumbled upon patches of marijuana in the woods on other occasions. He argues that this evidence was relevant because "townspeople with little experience of the woods" might find it hard to believe his testimony about finding the marijuana patch by accident.
 
 
 6
 Even if his discovery of the patch was innocent, however, the photographs and Mr. Shelton's own testimony were sufficient to prove the elements of the offense. Mr. Shelton was convicted of manufacturing a controlled substance in violation of 21 U.S.C. Sec. 841. In order to find that he had manufactured a controlled substance, the jury needed only to find that he had "harvest[ed]" the marijuana. 21 U.S.C. Secs. 802(15) and 22. The photographs of Mr. Shelton in the marijuana patch and his own testimony about having pulled up the marijuana were sufficient to prove harvesting. Whether or not he stumbled upon the patch accidently, the direct evidence was sufficient to show that he had "manufactured" marijuana. Therefore, the trial judge did not abuse his discretion in excluding the "innocent discovery" evidence. And given the considerable direct evidence of harvesting and the circumstantial evidence of the marijuana residue in Mr. Shelton's home and truck, we believe any error in refusing to admit the evidence was harmless.
 
 
 7
 Mr. Shelton also contends that the trial court erred in refusing to allow his attorney to question government agent Jerry Wilson concerning the latter's desire to seize Mr. Shelton's home and truck. There is nothing in the record, however, to suggest that the showing of "bias" that defendant hoped to elicit was anything more than a law enforcement officer's "bias" toward aggressively enforcing the law. The trial court did not abuse its discretion in refusing to admit this evidence.
 
 
 8
 It is urged on us that the trial court should have declared a mistrial after the county sheriff remarked from the stand that he had heard that the defendant "used to fool around with drugs." Although it is troubling that an experienced law enforcement official should make such a statement while testifying, we find the court did not abuse its discretion in refusing to declare a mistrial. Mr. Shelton had already admitted to using marijuana, and his girlfriend had testified that he supplied her with marijuana. The statement was not a large part of the evidence against Mr. Shelton, and the judge gave a curative instruction. There is no reason to believe that the instruction was not effective.
 
 
 9
 Mr. Shelton argues, finally, that the cumulative effect of the trial judge's evidentiary errors was to deprive him of a fair trial. This assertion is without merit. Even if the rulings were in error, which we doubt, their cumulative effect would not appear to loom large in the record of the trial.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 The Honorable L. Clure Morton, United States District Judge for the Middle District of Tennessee, sitting by designation